UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:18-cr-00035-LJO-SKO |
| Plaintiff-Respondent, | |
| v. | ORDER GRANTING MOTION FOR LEAVE TO AMEND |
| WILLIAM ROE ACEVEDO, | |
| Defendant-Petitioner. | (Doc. No. 252) |

On November 2, 2020, William Roe Acevedo ("petitioner"), a federal prisoner proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("§ 2255 motion"), raising Sixth Amendment claims of ineffective assistance of trial counsel. (Doc. No. 251.) On December 8, 2020, petitioner filed a motion requesting to amend his § 2255 pleading. (Doc. No. 252.)

Federal Rule of Civil Procedure 15 applies to habeas motions. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). This is petitioner's first request to amend, and while it was made more than 21 days after service of his § 2255 motion, petitioner filed his request shortly thereafter and no responsive pleading has been served. Recognizing petitioner's *pro se* status as well, the court will GRANT the motion to amend.

While the court expresses no final opinion as to the timeliness of petitioner's § 2255 motion, it has conducted a preliminary review of that motion. Petitioner's § 2255 motion appears

to have been filed more than one year after petitioner's conviction became final. (*See* Doc. Nos. 121, 122, & 251.) For that reason, the court directs petitioner to include in his amended petition any further arguments as to why his motion should be found to be timely filed. In addition, petitioner may wish to raise any grounds upon which he believes the applicable statute of limitations should be subject to tolling in his case, if such grounds exist in his view.

Finally, petitioner shall file his amended § 2255 motion, if any, by February 25, 2021.

IT IS SO ORDERED.

Dated: __**January 13, 2021**__            _____
                                           UNITED STATES DISTRICT JUDGE