PHILLIP A. TALBERT
United States Attorney
KIRK E. SHERRIFF
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>WILLIAM ROE ACEVEDO,<br><br>                    Defendant. | Case No. 1:18-cr-0035 JLT<br><br>**GOVERNMENT'S MOTION FOR AN ORDER FINDING A PARTIAL WAIVER OF THE ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES; [PROPOSED] ORDER** |

    The United States of America hereby provides notice of and moves for an Order finding a partial waiver of the attorney-client and work product privileges and permitting discovery as to defendant William Acevedo's communications with his prior counsel, Robert Lamanuzzi, and as to his counsel's work product in connection with the representation of Acevedo in this case. Acevedo has waived such privileges based on his Amended 2255 Motion filed March 1, 2021 pursuant to 28 U.S.C. § 2255 ("2255 Motion"), which asserts claims of ineffective assistance by his prior counsel. Doc. 254. "It has long been the rule in the federal courts that, where a habeas petitioner

Motion re Privilege Waiver; Order    1

raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc).  The waiver applies equally to the work product privilege.  *Id.* at 722 n.6.

There is good cause for discovery of attorney-client communications and work product concerning the matters raised in Acevedo's 2255 Motion.  Acevedo's 2255 Motion alleges purported ineffective assistance of counsel affecting his decision to plead guilty.  Doc. 254.  On December 22, 2021, the Court ordered the United States to file a response by February 15, 2022.

Government counsel has conferred with defendant's prior counsel, Robert Lamanuzzi, concerning Acevedo's 2255 Motion.  The government is seeking a court order finding a privilege waiver to permit Mr. Lamanuzzi to discuss with the government his attorney-client communications and/or work product relevant to the response to Acevedo's 2255 Motion, and to provide a declaration responding to Acevedo's allegations and addressing such privileged communications and work product.  Mr. Lamanuzzi has indicated that he requires additional time to obtain his case file from archived storage and to review the relevant records and prepare a declaration responding to Acevedo's allegations.  He is also preparing for several state court trials set for trial in February and March.  Accordingly, Mr. Lamanuzzi requested to have until March 30, 2022 to provide his declaration and records to the government.  The government will then need additional time to review the declaration and materials from defense counsel once they are provided.

Motion re Privilege Waiver; Order         2

Accordingly, the government is filing the present motion and is seeking for Mr. Lamanuzzi to have until March 30, 2022 to provide his declaration and records to the government. The government is also requesting an extension of time to April 30, 2022 to file its response to Acevedo's 2255 Motion.

By his allegations, Acevedo has waived the privilege as to attorney-client communications and his counsel's work product for purposes of the present 2255 Motion. "The defendant impliedly waives his attorney-client privilege the moment he files a habeas petition alleging ineffective assistance of counsel." *Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012); *Bittaker*, 331 F.3d at 716, 719 & 722 n.6 (habeas petitioner waives attorney-client and work product privileges by asserting ineffective assistance of counsel). Acevedo can preserve the confidentiality of such privileged communications only by abandoning the claims that give rise to the waiver condition. *Bittaker*, 331 F.3d at 721. "[T]he federal courts have determined that claims of ineffective assistance of counsel cannot be fairly litigated unless the petitioner waives his privilege for purposes of resolving the dispute." *Id.* 722.

The privilege waiver in these circumstances is partial, in that the information obtained through the waiver is to be used for purposes of adjudicating Acevedo's 2255 Motion, but not in a retrial or in an unrelated case. *Id.* at 720-25; *Lambright*, 698 F.3d at 818. Accordingly, the government seeks a partial privilege waiver that would permit information obtained through the waiver to be used in response to Acevedo's 2255 Motion.

The United States respectfully requests that the Court find that, if Acevedo does not timely withdraw his allegations concerning

ineffective assistance of counsel, he has waived the attorney-client privilege as to all communications with his former counsel and any privilege as to his counsel's work product, with respect to the allegations in his 2255 Motion.  The government further requests that the Court order that all such materials concerning events and facts relating to Acevedo's claims of ineffective assistance of counsel be disclosed to the government for purposes of responding to the 2255 Motion, and that defense counsel be directed to provide to the government a declaration responding to Acevedo's 2255 Motion.

Dated:   January 24, 2022

                                    Respectfully submitted,

                                    PHILLIP A. TALBERT
                                    United States Attorney

                                    /s/ Kirk E. Sherriff
                                    KIRK E. SHERRIFF
                                    Assistant U.S. Attorney

**ORDER**

Good cause appearing, the United States' motion for partial waiver of petitioner Acevedo's attorney-client privilege and the work product privilege, and for the compelled discovery of responsive attorney-client communications and work product, is GRANTED with modifications as follows:

(1) The attorney-client privilege of defendant William Acevedo is waived with respect to all communications between Acevedo and his former attorney Robert Lamanuzzi concerning events and facts related to defendant's claims of ineffective assistance of counsel in defendant's Amended 2255 Motion [Doc. 254] in *United States v. William Roe Acevedo*, No. 1:18-cr-0035 JLT.

(2) The work product privilege is waived with respect to the work product of attorney Robert Lamanuzzi concerning events and facts related to Acevedo's claims of ineffective assistance of counsel in his Amended 2255 Motion.

(3) Attorney Lamanuzzi, and his staff and agents if relevant, may provide the government with a declaration addressing attorney-client communications and work product concerning events and facts related to the ineffective assistance of counsel claims presented in petitioner's § 2255 motion, and may communicate and coordinate with government counsel to ensure that all issues are adequately addressed in the declaration.

(4) To the extent the government's request is broader than this order, including its request for production of "all communications" between Attorney Lamanuzzi and petitioner

          "concerning events and facts related to petitioner's claims of ineffective assistance of counsel in his § 2255 motion," the government's request is DENIED WITHOUT PREJUDICE, subject to renewal by motion providing further information as to the specific necessity of the production of such documents.

(5)    The government shall not use or disclose the privileged material it obtains in this habeas action for any purpose or to any party or in any proceeding beyond this action.

(6)    The government shall file a response to Acevedo's 2255 Motion by April 30, 2022.

(7)    Movant Acevedo shall file a reply, if any, no later than May 30, 2022.

ALTERNATIVELY, the Court orders that if the finding of waiver changes the defendant's decision on whether to proceed with his Amended 2255 Motion, he must notify this Court within 21 days of the date of this Order by withdrawing his allegations concerning ineffective assistance of counsel in his motion.  Failure to do that confirms the alternative portion of this Order finding waiver.

IT IS SO ORDERED.

Dated: __**January 25, 2022**__

                                                    */s/ Jennifer L. Thurston*
                                                    UNITED STATES DISTRICT JUDGE