**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM ROE ACEVEDO,<br><br>Defendant. | Case No. 1:18-CR-0035-JLT-SKO<br><br>ORDER DENYING GOVERNMENT'S MOTION TO CLARIFY<br>ORDER DENYING § 2255 MOTION<br><br>(Doc. 277) |

On December 16, 2022, the Court entered denied William Acevedo's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 274.) Acevedo's motion raised four claims of ineffective assistance of counsel, one of which alleged that his attorney failed to disclose exculpatory DNA evidence. (Doc. 254.) On December 27, 2022, the Government filed a motion to clarify the facts surrounding the existence of DNA evidence.[1] (Doc. 277.)

In his motion, Acevedo claimed "faverable [sic] to petitioner" exculpatory evidence existed that would have "proved beyond a reasonable doubt that petitioner is in fact not guilty of the enhanced penalty 18 U.S.C. 111(a)(1) and (b)." (*Id.* at 8-9.) In opposition to the motion, the Government stated that Acevedo's attorney "did not withhold any exculpatory evidence from Acevedo and does not believe any such evidence exists." (Doc. 267 at 15.) The Government also explained that Acevedo had not been charged with possession of a weapon during the attack; only

---

[1] Acevedo did not file a response to the Government's motion, and the time to do so has passed.

1

Acevedo's co-defendants had been charged with using weapons. (*Id.*) Acevedo's enhanced penalty arose from his role in the attack and because his co-defendants used deadly weapons, as captured on video surveillance. (*Id.*) The Government argued that any exculpatory DNA evidence would therefore be moot. (*Id.*)

In its order denying Acevedo's motion, the Court agreed. (Doc. 274 at 15.) Given the evidence in the record, even if DNA evidence existed, the failure to disclose would not have prejudiced Acevedo. Neither the indictment, the presentence report, nor the plea agreement accused Acevedo of using a weapon during the attack. (Docs. 1, 67, 102.) Therefore, to the extent any DNA evidence existed on the weapons, the absence of Acevedo's DNA would not have changed the charges he faced. Moreover, the transcript from Acevedo's sentencing hearing reveals that the Court relied upon video surveillance footage, not DNA evidence, to determine Acevedo's role in the attack and to impose the enhanced penalty for his co-defendants' use of weapons. (Doc. 239 at 4-6.) The surveillance footage showed "[Acevedo] was in a position right outside the copy room . . . when . . . the shanks were being used by codefendants." (*Id.* at 4.) Reports of the victim's injuries further confirmed that a dangerous weapon had been used. (*Id.* at 4-5.) Because the Court relied on surveillance footage and the nature of the victim's injuries to conclude that Acevedo's co-defendants used weapons in the attack, the existence of any DNA evidence, even that of the co-defendants, did not impact Acevedo's sentence and imposition of the enhanced penalty under 18 U.S.C. § 111(a), (b). (Doc. 274 at 15.) In other words, the surveillance video and the victim's injuries showed Acevedo's involvement in an attack involving weapons, and any "exculpatory" DNA evidence would not have proven Acevedo's innocence. Thus, no prejudice existed as to the alleged failure to disclose such evidence.

In the motion to clarify the Court's order, the Government informed the Court that it introduced DNA expert testimony and DNA evidence at the trial of Acevedo's co-defendants in May 2019. (Doc. 277 at 2.) The DNA evidence and expert testimony tied Acevedo's co-defendant to a weapon used during the attack. (*Id.*) The Government states it did not disclose this evidence to Acevedo during the plea negotiations or afterwards when the expert reports were created. (*Id.*)

Although this evidence was not presented to the Court when considering Acevedo's

§ 2255 motion, it does not change the outcome. The newly submitted evidence reaffirms the Court's sentencing decision, because it confirms that his co-defendant used a weapon during the attack such that the penalty under 18 U.S.C. § 111(a), (b) was appropriate. Moreover, the existence of the co-defendant's DNA on the weapon does not impact the Court's conclusion that no prejudice existed for a failure to disclose available DNA evidence. Because, when sentencing, the Court relied on surveillance footage and the victim's injuries to conclude Acevedo participated in an attack where his co-defendants used weapons, the existence of DNA evidence would not have exculpated Acevedo. Therefore, the DNA evidence now submitted by the Government does not alter the Court's initial conclusion that Acevedo's claim for ineffective assistance of counsel for failure to disclose DNA evidence had no merit. Accordingly, the Government's motion to clarify (Doc. 277) is **DENIED as moot**.

IT IS SO ORDERED.

Dated:   **January 18, 2023**

UNITED STATES DISTRICT JUDGE